**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
         bscott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH TANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>VIRGIN ATLANTIC AIRWAYS LTD.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff Kenneth Tang ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Virgin Atlantic Airways Ltd. ("Virgin Atlantic" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action suit brought against Defendant Virgin Atlantic for surreptitiously monitoring and recording the telephonic communications between consumers and its customer service representatives without first providing notice or obtaining the customer's consent.

2. Virgin Atlantic is a British airline carrier that operates in the United States. Virgin Atlantic's routes include flights out of Los Angeles and San Francisco.

3. As an airline carrier, Defendant often provides support to customers over the phone. Defendant monitors and records these interactions. What Defendant fails to do, however, is disclose this fact to customers at the beginning of the interaction.

4. Because Defendant fails to disclose to consumers that it is recording telephonic communications at the outset of the call, Defendant violated and continues to violate the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 632 and 632.7.

5. Both Penal Code §§ 632 and 632.7 play important roles in protecting the privacy of California residents. Secret monitoring and recording denies the customer an important aspect of privacy of communication – the right to control the nature and extent of the information they disclose.

6. Plaintiff brings this action on behalf of himself and a class of all persons whose telephonic communications were surreptitiously recorded by Defendant.

**PARTIES**

7. Plaintiff Kenneth Tang is a California citizen and resident, residing in San Jose, California. Mr. Tang is a domiciliary of California.

8. Defendant Virgin Atlantic Airways Ltd. is a British company headquartered in

Crawley, West Sussex, England. Virgin Atlantic was founded in 1984 and offers flight routes in the United States. Defendant offers flights in 10 states, including flights from Los Angeles and San Francisco, California.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of a state different from Defendant.

10. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of each of the Defendant's forum-related activities. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

11. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

12. Virgin Atlantic is an international airline carrier that operates in North America, the United Kingdom, the Caribbean, Africa, the Middle East, and Asia. Virgin Atlantic was founded in 1984. While the airline was initially intended to operate between London and the Falkland Islands following the end of the Falklands War, it ultimately commenced business by providing flights between Gatwick, England and Newark, New Jersey. On April 3, 2024, Virgin Atlantic reported it had achieved record financial results, with a reported total revenue of £3.1 billion in 2023.

13. As with any large corporation, Defendant must field customer inquiries, enable customers to make new bookies, and provide support for issues that may arise with its bookings. To that end, Defendant supplies the following separate customer service numbers for consumers to call: (800) 862-8621.

14. Upon dialing this number, customers are greeted with a menu to direct them to the

1 appropriate agent. For example, a customer may select the option to make a new booking.

2       15. Customers are then patched through to an automated or live customer service agent, who makes no further disclosures. As such, customers have a reasonable expectation of privacy with regard to any information that they divulge on the call, including personally identifying information or information about their transaction history with Defendant because they are not told that the call is being recorded and Virgin Atlantic never obtains consent from them.

      16. At no point does Virgin Atlantic disclose that the conversation between the customer and the agent is being surreptitiously recorded, including through the use of software provided by Genesys Cloud Services, Inc. ("Genesys").

      17. Defendant admits on its website that it records these calls:

- **To improve our customer service.** We will record calls to our call centre and/or monitor calls for the purposes of improving our customer service, ensure quality assurance, training, security and for general business purposes (on the basis of our legitimate interest in improving our customer service);

      18. Defendant records and monitors inbound and outbound customer calls through a cloud-based software platform developed by Genesys, and potentially other platforms as well.

      19. Genesys' software comprises a suite of tools which are focused on streamlining call centers and allowing companies to monitor and analyze customer-agent interactions. For example, Genesys' software allows for scripting of IVRs (interactive voice responses), the automated system which allows customers to "speak" with an artificial agent which then routes them to the appropriate live-person agent. The software also records the contents of the calls themselves as they occur.

      20. In its marketing, Genesys promises that "[i]nteraction recording captures and stores exchanges between customers and agents," and that "it "[r]ecord[s] 100% of interactions without any data loss."

      21. Defendant deliberately implemented the call recording and monitoring features of Genesys' software in an effort to improve the quality of customer service interactions.

      22. Moreover, Defendant deliberately monitored and recorded customer phone calls, yet Defendant fails to provide notice to customers that this is occurring or to otherwise obtain their

consent to be recorded. For example, when a customer calls Defendant's customer service number and selects a prompt for a new booking, there is no disclaimer regarding call recording.

23. On December 7, 2023, Mr. Tang called Defendant's customer service number from his cell phone to make a new booking. The phone call took place from Mr. Tang's home in San Jose, California. During the call, Mr. Tang was never told that the call was being recorded and he never consented to that recording.

24. Because it was not disclosed to Mr. Tang that the call was being recorded, Mr. Tang reasonably expected that his communications with Defendant and its agent during the call were not being recorded and were therefore "confidential" as defined by California Penal Code § 632(c).

25. On information and belief, Defendant was, in fact, recording Mr. Tang's call and captured the entire contents of his communications with the automated agent and the live agent using Genesys' software.

26. Defendant's policy of monitoring and recording calls without informing customers is a uniform practice and occurs anytime a customer has a phone call with Defendant.

## CLASS ALLEGATIONS

27. **Class Definitions.** Plaintiff Kenneth Tang brings this action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure on behalf of a class of similarly situated individuals, defined as follows (the "Section 632 Class"):

> All individuals who, while physically present in California, participated in an inbound or outbound telephone call with Virgin Atlantic or one of its agents.

28. Plaintiff also seeks to represent a class, defined as follows (the "Section 632.7 Class"):

> All individuals who, while physically present in California and using a cellular telephone, participated in an inbound or outbound telephone call with Virgin Atlantic or one of its agents.

29. Specifically excluded from the Classes are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by the Defendant, and its heirs,

successors, assigns, or other persons or entities related to or affiliated with the Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

30.     **Numerosity.**   Members of the Classes are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Classes number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

31.     **Commonality.** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

(a)     Whether Defendant has a policy and practice of recording and/or monitoring telephone conversations with customers;

(b)     Whether Defendant notifies customers that it is recording them;

(c)     Whether Defendant obtains a customer's consent to be recorded at the outset of the telephone call;

(d)     Whether Defendant instructed its agents to record and monitor calls without disclosing to customers that they were doing so;

(e)     Whether Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632 and invaded Plaintiff and the Class's privacy rights in violation of the California Constitution;

(f)     Whether Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7;

(g)     Whether Plaintiff and the Classes are entitled to injunctive relief under Cal. Penal Code § 637.2(b) to enjoin or restrain Virgin Atlantic from committing further violations of Cal. Penal Code §§ 632 and 632.7.

(h)     Whether class members are entitled to actual and/or statutory damages for the aforementioned violations.

32. **Typicality.** The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, called Virgin Atlantic's customer service line using his cell phone and had his communications recorded without his consent.

33. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

34. **Superiority.** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents the potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

35. Plaintiff brings all claims in this action individually and on behalf of members of the Classes against Defendant.

## COUNT I
### Violation of Cal. Penal Code § 632

36. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

37. Plaintiff brings this Count individually and on behalf of the members of the putative Section 632 Class.

38. California Penal code § 632(a) provides, in pertinent part:

> A person who, intentionally and without the consent of all parties to a confidential communication, uses [a] … recording device to … record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500) per violation.

39. A defendant violates Section 632 unless it can show it had the consent of <u>all</u> parties to a communication prior to the moment the recording was made.

40. Defendant, using computer software, intentionally monitored and recorded the telephonic communications between itself and its agents on the one hand and Plaintiff and other members of the Classes on the other.

41. At no time did Defendant or any of its agents inform Plaintiff or the members of the Classes that the recording of their telephonic communications was taking place and at no time did Plaintiff or the members of the Classes consent to this activity.

42. These communications were "confidential communications," as that term is used in Section 632, because Plaintiff and class members had objectively reasonable expectations of privacy with respect to any personal or financial information they disclosed during the course of those communications.

43. Defendant has therefore violated Cal. Penal Code § 632(a) by intentionally recording Plaintiff and the members of the Classes' telephonic communications without first notifying them or obtaining their consent.

44. Accordingly, Plaintiff and the members of the Classes have been injured by Defendant's conduct and, pursuant to Cal. Penal Code § 632, each seek damages of $5,000 per violation.

## **COUNT II**
**Violation of Cal. Penal Code § 632.7**

45. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

46. Plaintiff brings this Count individually and on behalf of the members of the putative Section 632.7 Class.

47. California Penal Code § 632.7(a) prohibits the same conduct as described in Section

632, but extends this prohibition to communications involving a cellular telephone.

48. Though similar, Cal. Penal Code § 632 and § 632.7 are not duplicative and protect separate rights.

49. Cal. Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone because it does not have the "confidential communication" requirement of Cal. Penal Code § 632.

50. A defendant violates Section 632.7(a) unless it can show it had the consent of <u>all</u> parties to a communication prior to the moment the recording was made.

51. Defendant, using computer software, intentionally monitored and recorded the telephonic communications between Plaintiff, and the members of the Section 632.7 Class, and its agents.

52. At no time did Defendant or any of its agents inform Plaintiff or the members of the Section 632.7 Class that the recording of their telephonic communications was taking place and at no time did Plaintiff or the members of the Section 632.7 Class consent to this activity.

53. Defendant has therefore violated Cal. Penal Code § 632.7(a) by intentionally recording Plaintiff or the members of the Section 632.7 Class's telephonic communications without first notifying them or obtaining their consent.

54. Accordingly, Plaintiff and the members of the Section 632.7 Class have been injured by Defendant's conduct and, pursuant to Cal. Penal Code § 637.2, each seek damages of $5,000 per violation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Virgin Atlantic, as follows:

a. For an order certifying the putative Classes and naming Plaintiff as the representative of the classes, and Plaintiff's attorneys as Class Counsel to represent the putative Classes;

b. For an order declaring that the Defendant's conduct violates the statutes referenced herein;

  c. For an order finding in favor of Plaintiff and the putative Classes on all counts asserted herein;

  d. For statutory damages in amounts to be determined by the Court and/or jury;

  e. For prejudgment interest on all amounts awarded;

  f. For injunctive relief as pleaded or as the Court may deem proper; and

  g. For an order awarding Plaintiff and the putative Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: April 10, 2024       **BURSOR & FISHER, P.A**.

               By:  */s/ Brittany S. Scott*
                   Brittany S. Scott

               L. Timothy Fisher (State Bar No. 191626)
               Brittany S. Scott (State Bar No. 327132)
               1990 North California Blvd., Suite 940
               Walnut Creek, CA 94596
               Telephone: (925) 300-4455
               Facsimile: (925) 407-2700
               E-mail: ltfisher@bursor.com
                   bscott@bursor.com

               *Attorneys for Plaintiff*